NUMBER 13-04-528-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

_ ___ _              
__________________________________________

 

ROBERT
FRIESENHAN,                                              Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

_________________________________________________________

 

                 On appeal from the County
Court at Law

                           of Aransas County,
Texas.

_________________________________________________________

 

                     MEMORANDUM OPINION

 

    Before Chief Justice Valdez and
Justices Hinojosa and Garza

                       Memorandum Opinion Per
Curiam

 








Robert Friesenhan was
convicted of theft.  Represented by
appointed counsel, appellant filed a notice of appeal on October 7, 2004.  The clerk=s record was filed on October 26, 2004.  That same day, the trial court allowed
appellant=s court-appointed
counsel to withdraw.  A supplemental
clerk=s record was filed on
November 30, 2004.      On January 20,
2005, this Court abated the appeal and remanded the cause to the trial court to
determine whether appellant wished to prosecute his appeal and whether
appellant was indigent.  We requested
that the trial court make appropriate findings and recommendations and prepare
a record of the proceedings.  If
appellant were to be found indigent, we directed the trial court to take such
measures as necessary to assure effective representation of counsel, which
could include the appointment of new counsel. 
We have now received the trial court=s findings and recommendations.

Despite being duly
noticed, appellant failed to appear at the hearing on remand.  The trial court noted that appellant had also
failed to appear at the prior hearing wherein appellant=s appointed counsel
was allowed to withdraw, in part, on grounds that he was having difficulty
communicating with appellant.  According
to the record, the trial court sent all notices and correspondence to appellant=s last known address,
which was the same address as that provided on appellant=s bail bond and
affidavit of indigence, and, incidentally, the same address provided to this
Court.  The trial court concluded that,
given appellant=s failure to appear,
it was unable to determine whether appellant desired to prosecute his appeal or
whether appellant was indigent. 
According to the trial court, appellant=s whereabouts are unknown.  








On April 13, 2005, the
Clerk of this Court notified appellant at his last known address that the
reporter=s record was
originally due on January 15, 2005, but had not filed because it had not been
properly requested.  In accordance with
Texas Rule of Appellate Procedure 37.3(c), the Clerk notified appellant that,
if the defect were not cured within ten days, the Court would consider and
decide those issues or points that did not require a reporter=s record for
decision.  To date, appellant has failed
to request or file the reporter=s record.    

It has now been over a
year since the clerk=s record was
filed.  Appellant has failed to provide
this Court with his current address or location, has failed to contact this
Court, and has failed in his duty to prosecute this appeal.  Appellant has been given a reasonable
opportunity to obtain representation on appeal and to obtain the reporter=s record.  We conclude that the absence of the reporter=s record is appellant=s fault.  See Tex.
R. App. P. 37.3(c).  We also find
that appellant has not made the necessary arrangements for filing a brief.  See Tex.
R. App. P. 38.8(b)(4).  

Based on the foregoing
sequence of events, we have examined the clerk=s record and find no error that should be
considered in the interests of justice. 
Accordingly, we affirm the judgment of conviction.     

 

PER CURIAM

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed 

this the 26th day of January, 2006.